# SABRINA P. SHROFF
ATTORNEY AT LAW

80 BROAD STREET, 19TH FLOOR
NEW YORK, NEW YORK 10007
TELEPHONE: (646) 763-1490

ECF

December 23, 2024

Hon. Eric N. Vitaliano
United States District Court
For the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11232

Re: *United States v. Abdullah at Taqi et al*, 22-CR-553 (ENV)

Hon. Vitaliano,

With consent of the government and Pretrial Services, we write to seek modification of one of Mr. al Taqi's conditions of release so that he may get his Bachelor's degree while on house arrest.[1]

Officer Lopez who supervises Mr. at Taqi, consents and respectfully request the court adopt the language below as it will allow for continued monitoring and allow Mr. at Taqi to get his degree. The language of the modification suggested by Pretrial Services and the United States Attorney's Office for the Eastern District of New York reads as follows:

> "The defendant is ordered to participate in Pretrial Services' Computer Restriction and Monitoring Program, which may include inspection of any computers, devices with Internet access, modems, and Wi-Fi routers, and install computer monitoring software, as deemed appropriate. The defendant must abide by all the rules and regulations of the Computer Restriction and Monitoring Program. The defendant is only permitted one internet capable device and shall not acquire or use any new internet capable devices for any purpose. *The defendant must pay all the costs of the monitoring software.*
>
> The defendant may not use a computer and/or access the internet through any means, except for the following: computer use, and internet access is permitted only to communicate with Pretrial Services and complete educational courses approved by Pretrial Services only through the scheduled end dates of the courses. The defendant must provide information about all educational courses in which he seeks to enroll to Pretrial Services and the government prior to enrolling in any courses. If the defendant is not enrolled and actively engaged in an educational course approved by Pretrial Services, *Pretrial Services will inform the parties and seek permission from the Court to reinstate the condition that the defendant not use a computer and/or access the internet through any means.*"

The parties agree to the proposed language but for the *italicized* portions of the proposed language. As to the first *italicized portion*; Chief Magistrate Judge Pollak found Mr. At Taqi to qualify for relief pursuant to 18 U.S.C. section 3600 and assigned

---

[1] Mr. At Taqi was an online student at Western Govenor's University and studying computer science.

him counsel. Given that finding, he should not be required to bear the cost of monitoring equipment. As to *second italicized* portion, the government seeks immediate reinstatement of the condition (without prior notice to the parties or approval from the Court). The defense maintains that reinstatement of the original condition of release should occur only after Court approval, on notice to the defense.

Respectfully submitted,

Sabrina Shroff & Michael Schneider
for Abdullah at Taqi

        SO ORDERED:    _____
                                     Hon. Eric N. Vitaliano